JOHN SHEA, Respondent, v. KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, May 30, 1898.

Master and Servant: PLACE OF WORK: ASSUMPTION OF RISK: INSPECTION: ICE HOUSE. The master is bound to exercise ordinary care and nothing more as to the condition of the place where the servant works and the servant assumes all the risk incident to the business after such care by the master, and mere failure to inspect is not negligence where such inspection could only discover what the servant and all others knew. These principles are in this case applied to the injury of a servant working in an ice house.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED.

WALLACE PRATT and I. P. DANA for appellant.

Defendant's demurrer to the evidence should have been sustained, and its instruction numbered 1, directing a verdict in its favor, should have been given. 1 Shearman & Redfield on Negligence [4 Ed.], secs. 189, 222; Wood's Master and Servant [2 Ed.], secs. 326, 344, 345, 366, 372, 382, 676, 677; Fugler v. Bothe, 117 Mo. 475; Wray v. Electric Light Co., 68 Mo. App. 380; Musick v. Packing Co., 58 Mo. App. 330; Watson v. Coal Co., 52 Mo. App. 366; Jackson v. R. R., 104 Mo. 448; Steinhauser v. Spraul, 127 Mo. 562; Marshall v. Hay Press Co., 69 Mo. App. 260; Krampe v. Brewing Ass'n, 59 Mo. App. 277; Breen v. Cooperage Co., 50 Mo. App. 202.

HARKLESS, O'GRADY & CRYSLER for respondent.

Where the evidence shows that the plaintiff was injured by a footing platform or standing place giving away, upon which he was directed to work, and defendant made no inspection or effort to ascertain its condition before directing the servant to go upon it, it is always a question for the jury and not the court to determine whether the exercise of reasonable care and diligence would not have demanded an inspection or examination on defendant's part, and whether such inspection or examination would not have disclosed the condition to which the result was attributable. Coontz v. R. R., 121 Mo. 652; Gutridge v. R. R., 105 Mo. 520; Flynn v. Bridge Co., 42 Mo. App. 529; Bowen v. R. R., 95 Mo. 268; Higgins v. R. R., 43 Mo. App. 547; Herdler v. Buck, 136 Mo. 16, 17.

GILL, J.—At a trial in the circuit court plaintiff recovered a judgment against defendant for $1,000

because of personal injuries received by him while engaged in putting up ice in one of defendant's ice houses at Thayer, Missouri, in February, 1895. Defendant appealed.

The facts, as disclosed by the evidence, are substantially as follows: Plaintiff Shea, while in the defendant's employ as an ordinary day laborer, was ordered to assist in filling some ice houses at Thayer. He had been working several days in one of the houses, and that being about filled was ordered to another. This last was about twenty by sixty feet and was being filled by means of tackle rigged and operated through the north end in which there were three doors, one above the other. The house was longest from north to south, and when plaintiff entered the building was filled from the south so that the ice came up to the bottom of the second door about eight feet from the ground. In the south or back end the ice was filled quite to the roof, but as the north doors were approached the ice dropped off by terraces or steps. The cakes of ice, which were about two feet square and of varying width, were thus built up so as to fill the house from back to front. Coming in through one of these front openings a chute was constructed, running back over these terraces of ice to the top of the building, and along this the blocks of ice were drawn by rope and pulleys. The plaintiff, as he was directed, took his place along the side of this chute, up near the top of the house and about ten feet back from the front doors, to assist in sending the ice ropes or drag back to the front. While thus engaged plaintiff stood on one of these terraces or steps, his feet resting upon one or more blocks of ice. After working there about half an hour, he fell, striking his side on the ice and received the injuries for which he sues. Plaintiff was the only witness in his behalf, and

STATEMENT.

he testified that his fall was brought about by the slipping of the cake of ice on which he was standing. Others who saw him say that the ice did not give way but that plaintiff's feet slipped on the surface of the ice. This, too, was the account given by plaintiff by two separate written statements signed after the accident, and one of which he himself wrote.

The petition in effect charges that plaintiff was ordered to take position on the ice and "after having been at his duty not to exceed thirty minutes, the ice upon which he was standing suddenly and without fault on plaintiff's part, gave way, slipped from under him and threw and precipitated this plaintiff upon the ice," etc. And further the petition alleges that plaintiff was so injured by reason of the negligence and carelessness of defendant, in this: "That defendant, its agent and foreman, directed and ordered plaintiff to go upon said ice when the same was in a dangerous and unsafe position, then and there knowing, or having reasonable cause to know that the same was a dangerous and unsafe position and place for plaintiff to be and stand," etc.

After a careful consideration of this entire record, together with the briefs and oral and printed arguments of counsel, we fail to discover any reasonable theory for holding the defendant liable for this accident. In order to charge the result of such misfortunes upon the master the servant must affirmatively show that the former has been in some manner negligent either in providing suitable machinery, appliances or places to work, and that the servant unwittingly exposed himself to the danger. The master is bound to exercise reasonable and ordinary care and nothing more; and as to what is reasonable care should be determined by the circumstances

MASTER and servant: place of work: assumption of risk: inspection: ice house.

of each particular case.   What now did the defendant
do, or neglect to do, in this case that can be declared
negligence?  The petition charges that the plaintiff
"was ordered to go upon said ice when the same was
in a dangerous position."   But in what respect it was
dangerous is neither charged nor shown by any evi-
dence.   There is no pretense that the ice was carelessly
or negligently placed.   It was simply laid in tiers and
courses, block upon block, horizontally, with no inter-
vening substance to render it unstable or "rickety."
It is a matter of common knowledge that ice is slip-
pery, and that when it is built up in courses of block
upon block it may slip.   But as to this plaintiff had
the same knowledge that defendant had.   The dangers
then of slipping or falling was as patent to the plain-
tiff as they were to defendant's foreman.   Such danger
or risk then was one of those ordinarily incident to
plaintiff's employment, and for which he can not, on
the plainest principles of law, hold his employer re-
sponsible.

At the oral argument plaintiff's counsel was asked
to point out the particular omission of duty on de-
fendant's part.   The substance of the answer was that
*inspection* by defendant was negligently omitted.   But
what would inspection amount to?  It could only have
discovered what the plaintiff and all others knew, that
is, that ice was slippery and might give way, that one
block of ice upon another was liable to get out of
place.   This being discovered, what should the master
be expected to do?  No remedy was suggested and none
within reason could be.   The trouble was the inherent,
natural and well known tendency of cakes of ice to
slip when one is placed upon the face or surface of an-
other.   The accident did not occur by reason of any
concealed defect that may have been discovered by

ordinary care and corrected. And as already stated this comprised one of the dangers or risks incident to the business in which the plaintiff was at the time engaged. As was said in Wray v. Electric Light Co., 68 Mo. App. 380: "If he (the servant) engages in a hazardous employment, or attempts a service necessarily attended with danger, he will be held to assume all risks ordinarily incident to the work. In other words the employer is not an insurer of the safety of his employee."

Discussion of authorities is unnecessary. The books are filled with a great variety of such cases which might be cited and commented on through many pages, but it would accomplish no useful purpose. In our opinion the plaintiff, under the evidence, has no case, and the court below ought to have nonsuited him.

Judgment reversed. All concur.